UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

SEP 5 2012

CLERK, US DISTRICT COURT
NORFOLK, VA

CHARLES CLAUDE RAMSEY,

Petitioner,

v.                                        Civil Action No.: 2:11cv396

KIMBERLY H. RUNION,
Director of the Virginia Center
For Behavioral Rehabilitation,

Respondent.

## OPINION AND FINAL ORDER

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The petition alleges violations of federal rights pertaining to Petitioner's civil commitment as a sexually violent predator ("SVP") under Virginia's Sexually Violent Predators Act. (ECF No. 10.) By order entered December 9, 2008, the Petitioner was committed to the custody of the Virginia Department of Mental Health as an SVP. See id.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (c) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Magistrate Judge filed his Report and Recommendation (referred to as "R and R" or "Report") on May 31, 2012, and recommended dismissing the petition. (ECF No. 23.) By copy of the R and R, each party was advised of the right to

file written objections to the findings and recommendations of the Magistrate Judge. Petitioner was also advised of his right to file a motion for a certificate of appealability.

On June 7, 2012, the court received Petitioner's objections. (ECF No. 24.) On June 12, 2012, Petitioner filed a motion to appoint counsel and for issuance of a certificate of appealability. (ECF No. 27.) Also on June 12, 2012, Respondent filed objections to the R and R and a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF Nos. 25-26.)[1] On June 14, 2012, Respondent filed a motion to amend her objections. (ECF No. 28.) On June 20, 2012, Petitioner filed a response, objecting to Respondent's motion to amend. (ECF No. 29.) The time for filing objections has expired, and the parties' motions are ripe for disposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the court will decide these matters based on the parties' submissions, finding oral argument unnecessary.

## I.   RESPONDENT'S MOTIONS AND OBJECTIONS

### A. Respondent's Motion to Alter or Amend Judgment

Respondent's motion to alter or amend judgment pursuant to Rule 59(e), which was filed on June 12, 2012, is **DENIED**. Rule 59(e) pertains to the entry of judgments, and a magistrate judge's Report

---

[1] Both filings seek to correct a perceived typographical error in the Report. See infra at 3-4.

is not a judgment.

## B. Respondent's Motion to Amend Her Objection

Respondent's June 12, 2012, filings raise an objection to a perceived typographical error in the R and R. On June 14, 2012, Respondent filed a motion requesting leave to file an additional objection, explaining that she also contests the Magistrate Judge's decision to treat the petition as one filed under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. Petitioner opposes Respondent's motion to amend, arguing that Respondent was obligated to file all of her objections in a single document. Respondent's motion to amend her objections is **GRANTED** because she filed it within the period for filing objections.

## C. Respondent's Objections

Respondent's first objection is to the statement, on page 25 of the Report, that "no Virginia court would not have felt compelled to make an on the record determination that [Petitioner] knowingly and voluntarily relinquished his due process rights of presentation, confrontation, and cross-examination at hearing by stipulating that he was an SVP." (emphasis added). As Respondent points out, this statement contradicts the statement, on page 27 of the R and R, that "a Virginia state court would not have felt constitutionally compelled to make such an inquiry at the time Petitioner's commitment became final," and the ultimate recommendation that Petitioner's Claim (C)(1) be dismissed. It is

-3-

evident that the inclusion of "not" after "no Virginia court would" on page 25 of the Report was merely a scrivener's error and that the finding should read "no Virginia court would have felt compelled." Accordingly, Respondent's first objection is **SUSTAINED**.

Respondent also objects to the treatment of the petition as one filed under 28 U.S.C. § 2241.[2] The Magistrate Judge analyzed the petition under the stricter § 2241 standard of review, and, citing Gaster v. South Carolina Department of Corrections, 67 F. App'x 821 (4th Cir. 2003) (unpublished per curiam), the Magistrate Judge determined that Petitioner's Claim (C)(1), the only claim to survive procedural default, was entitled to de novo review under § 2241. R and R at 6, 16-17.[3] Section 2241 applies to petitions for writs of habeas corpus filed by persons "in custody in violation of

---

[2] The characterization of the instant motion--either as filed under § 2241 or § 2254--is irrelevant to the outcome of the case at bar. Section 2254 provides a standard of review that is more deferential to state court decisions than § 2241. See, e.g., White v. Lambert, 370 F.3d 1002, 1008 (9th Cir. 2003) (listing differences between the sections). That is, the Magistrate Judge recommended judgment in favor of the Respondent under § 2241's standard, under which it was more difficult for Respondent to prevail because less deference is due to state courts under that section. Characterizing Petitioner's claim as one under § 2254 would only make it easier for Respondent to prevail. Nevertheless, the court reviews Petitioner's objections under the appropriate standard. See infra Section II.A.

[3] Gaster v. South Carolina Department of Corrections, 67 F. App'x 821 (4th Cir. 2003) (unpublished per curiam) is an unpublished decision in which the Fourth Circuit affirmed a decision to construe the petition of an individual, challenging his civil commitment under South Carolina's Sexually Violent Predator Act, as a petition filed under § 2241. Id. at *1 & n.*. As such, it is not binding precedent. See 4th Cir. R. 32.1.

the Constitution or laws or treaties of the United States." 28
U.S.C. § 2241(a)(3). Section 2254, on the other hand, applies to
petitions for writs of habeas corpus filed by persons "in custody
pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).

Respondent argues that even though Petitioner's commitment was
not the product of a criminal conviction, he is "in custody
pursuant to the judgment of a state court" under the plain text of
§ 2254. A fair reading of § 2254 supports Respondent's contention.
Petitioner was, in fact, committed to the custody of the Virginia
Department of Mental Health, Mental Retardation, and Substance
Abuse Services pursuant to a judgment of a state court, and nothing
in the AEDPA appears to limit § 2254's coverage to judgments in
criminal cases. Indeed, the Supreme Court addressed the scope of
§ 2254 in dicta:

> Incarceration pursuant to a state criminal
> conviction may be by far the most common and most
> familiar basis for satisfaction of the "in custody"
> requirement in § 2254 cases. But there are other types of
> state court judgments pursuant to which a person may be
> held in custody within the meaning of the federal habeas
> statute. For example, <u>federal habeas corpus review may be
> available to challenge the legality of a state court
> order of civil commitment</u> or a state court order of civil
> contempt.

<u>Duncan v. Walker</u>, 533 U.S. 167, 176 (2001) (emphasis added). In
fact, the Fourth Circuit appears to be the only circuit to have
construed habeas petitions filed by state civil committees under

§ 2241.[4]  See, e.g., Young v. Murphy, 615 F.3d 59, 64-67 (1st Cir.
2010); Banda v. New Jersey, 134 F. App'x 529, 531 (3d Cir. 2005)
(unpublished table decision); Brown v. Waters, 599 F.3d 602, 611
(7th Cir. 2010); Poole v. Goodno, 335 F.3d 705, 708 (8th Cir.
2003); Smith v. Richards, 569 F.3d 991, 992-93 (9th Cir. 2009);
Walker v. Hadi, 611 F.3d 720, 722-23 (11th Cir. 2010).

While an unpublished case, Gaster, is not binding on this
court,[5] it is not without serious review that the court rejects the
Magistrate Judge's finding that the petition be characterized as
one under § 2241. The plain language of § 2254, Duncan, and the
overwhelming support for this position in other circuits, convinces
this court that the instant petition should be characterized as one
filed under 28 U.S.C. § 2254. Accordingly, Respondent's second
objection is **SUSTAINED**.

As Respondent acknowledges, the fact that the Magistrate Judge
analyzed the petition under § 2241, rather than § 2254, does not

---

[4] Relying on Gaster, courts within the Fourth Circuit have treated
§ 2241 as the appropriate section to apply to petitions brought by
civil committees. See, e.g., Dowdy v. Stewart, No. 2:10cv457, 2011
WL 2413945, at *1 (E.D. Va. June 13, 2011). In fact, Petitioner
appears to have originally filed his petition under § 2254, but the
Order from the Western District of Virginia, transferring the
petition to this court re-characterized the claim as arising under
§ 2241. Ramsey v. Dir. Va. Ctr. for Behavioral Rehab., Civil Action
No. 7:11-cv-00283 (W.D. Va. July 12, 2011). (ECF No. 29 attach. 1.)

[5] See supra note 3.

affect the ultimate disposition of Petitioner's claims.  See supra
note 2; infra Part II.A.[6]

## II.  PETITIONER'S MOTIONS AND OBJECTIONS

### A. Petitioner's Objections

Rule 72(b)(2) of the Federal Rules of Civil Procedure requires
that any objections to a magistrate judge's report be specific.
Fed. R. Civ. P. 72(b)(2). Petitioner's pro se objections are
difficult to discern. He has primarily reiterated the facts and
arguments raised in Claims (C)(1) and (C)(2) of his petition.
Petitioner also appears to argue that he was prevented from
adequately raising ineffective assistance of counsel claims in his
state habeas petitions because he lacked counsel in the state
habeas proceedings.[7] The court construes this argument as an
objection to the Magistrate Judge's finding that Petitioner failed
to show cause for procedurally defaulting Claims (A)(1)-(3) and
(B). See R and R at 14-15.

---

[6] Importantly, jurisdiction remains proper in this court, which is
within the district of confinement, even when the claim is
construed as a § 2254 claim. See 28 U.S.C. § 2241(d) ("[C]oncurrent
jurisdiction to entertain [a § 2254] application" exists between
the districts of confinement and conviction in this context.); see,
e.g., Martin v. Johnson, 1:08CV1254, 2009 WL 2434734 (E.D. Va. Aug.
4, 2009) (exercising the court's discretion to maintain a § 2254
claim in the district of confinement where, as here, the respondent
had replied and supplied appropriate state court records without
difficulty).

[7] Importantly, Petitioner did have counsel in the underlying
commitment proceeding.

The Magistrate Judge found that, with the exception of Claim (C)(1), Petitioner's claims were procedurally defaulted. R and R at 7-15.[8] In Claim (C)(2), Petitioner argues that the trial court violated his constitutional due process rights by erroneously relying on his attorney's stipulation that he was an SVP, rather than requiring the government to establish that he was an SVP by clear and convincing evidence. The Magistrate Judge found that Petitioner's Claim (C)(2) was procedurally defaulted because Petitioner failed to raise the claim on direct appeal, and he is now prevented by an independent and adequate state procedural rule from bringing it in a state collateral proceeding. R and R at 10-11. Nothing in Petitioner's objections or the court's independent review of the record rebuts this finding. Accordingly, Petitioner's arguments on the merits of Claim (C)(2) are futile, and his objection regarding the Magistrate Judge's finding that Claim (C)(2) is procedurally defaulted is **OVERRULED**.

The Magistrate Judge also found that each of the four ineffective assistance claims that Petitioner has raised are procedurally defaulted. R and R at 12-13. The Magistrate Judge further found that Petitioner had not established cause for

---

[8] The fact that the Magistrate Judge construed the petition under § 2241 rather than § 2254 does not affect the procedural default analysis, in this case. Compare 28 U.S.C. §§ 2254(b)(1), (c) (requiring exhaustion of state remedies), with Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) (citing cases in which courts required exhaustion of claims before filing for § 2241 relief).

defaulting on these claims. R and R at 14. Claims (A)(1)-(3) relate to the effectiveness of Petitioner's state-appointed counsel for his civil commitment proceeding, and Claim (B) relates to the effectiveness of Petitioner's state-appointed counsel on appeal from his civil commitment proceeding. Petitioner apparently objects to the Magistrate Judge's findings regarding his ineffective assistance claims, arguing that the absence of counsel in his state habeas proceedings constituted cause for defaulting on these claims.[9] Petitioner's arguments are unavailing.

Recently, in Martinez v. Ryan, 132 S. Ct. 1309 (2012), the Supreme Court established a three-step test for determining whether a petitioner has cause for defaulting on an ineffective assistance claim. First, the state imposing the conviction must require the prisoner to raise an ineffective assistance claim in a collateral proceeding rather than on direct review. Martinez, 132 S. Ct. at 1318. Second, the state must have failed to appoint counsel in the initial-review collateral proceeding, or appointed counsel in the collateral proceeding must have been ineffective. Id. Third, the underlying ineffective assistance claim must have "some merit." Id.

Although Petitioner can satisfy the first two prongs of this inquiry, see Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001) (explaining that ineffective assistance claims must be brought in state habeas corpus proceedings), Martinez cannot save Petitioner's

---

[9] The court has liberally construed Petitioner's objections.

ineffective assistance claims from procedural default because a commitment hearing is a civil rather than criminal matter. See United States v. Baker, 45 F. 3d 837, 842 (4th Cir. 1995). Martinez is premised on the Sixth Amendment's right to effective assistance of counsel in criminal proceedings and the principle that defendants should have a fair opportunity to vindicate that right. See id. 317 ("A prisoner's inability to present a claim of trial error is of particular concern when the claim is one of ineffective assistance of counsel. . . . [T]he right to counsel is the foundation for our adversary system. Defense counsel tests the prosecution's case to ensure that proceedings serve the function of adjudicating guilt or innocence, while protecting the rights of the person charged."). It would, therefore, be inapposite to apply Martinez where no underlying constitutional right to counsel exists.

The Virginia Supreme Court has held that "the subject of the involuntary civil commitment process has the right to counsel at all significant stages of the judicial proceedings, including the appellate process." Jenkins v. Dir. of the Va. Ctr. for Behavioral Rehab., 624 S.E.2d 453, 460 (Va. 2006). However, "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). The U.S. Supreme Court has not extended the Sixth Amendment's right to counsel to individuals in civil commitment

proceedings. See Vitek, 445 U.S. at 496-97 (plurality opinion); id. at 497-500 (Powell, J., concurring);[10] Baker, 45 F.3d at 843 & n.3 (4th Cir. 1995) (acknowledging that due process does not guarantee an individual in a civil commitment proceeding the right to counsel) (citing Vitek, 445 U.S. at 494-96) (plurality opinion); Cooper v. Heyman, Civil Action No. 06-4523, 2007 WL 4287682, at *7-8 (D.N.J. Dec. 4, 2007) ("[T]he Supreme Court has not held that a person facing civil commitment is entitled to effective assistance of counsel, or even assistance of counsel, under the Due Process Clause, in a civil commitment proceeding."). Accordingly, because Petitioner had no federally cognizable right to counsel during his commitment proceeding or on direct appeal, he cannot avail himself of Martinez to prove cause for procedural default.[11]

Although there is no federally cognizable right to effective assistance of counsel in a civil commitment proceeding, Petitioner had counsel.[12] Yet, he still cannot make out his ineffective assistance claim because he cannot establish Martinez's third prong--that his ineffective assistance claims have merit--because

[10] In Vitek, four Justices believed that a prisoner facing involuntary transfer to a mental health facility was entitled to counsel, Vitek, 445 U.S. at 497; however, Justice Powell, who wrote the controlling concurring opinion, believed that "due process may be satisfied by the provision of a qualified and independent adviser who is not a lawyer." Id. at 499.

[11] Once again, Petitioner did have counsel during the underlying commitment proceeding. See supra note 7.

[12] See supra notes 7 and 11.

he has failed to make a colorable showing that representation was deficient or that it caused him prejudice. See Winston v. Pearson, 683 F.3d 489, 504 (4th Cir. 2012) (quoting Harrington v. Richter, 131 S. Ct. 770, 787 (2011). An attorney's representation is deficient if it falls below objective standards of reasonableness. Id. The central question in this inquiry is "whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Richter, 131 S. Ct. at 788 (quoting Strickland v. Washington, 466 U.S. 668, 690 (1984)). Petitioners who bring ineffective assistance claims bear a heavy burden because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 446 U.S. at 690.

If a petitioner is able to overcome this substantial burden, he must still prove that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Stickland, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." Id. at 792.

Petitioner's Claim (A)(1) fails under this standard because Petitioner has not identified any unreasonable acts or omissions

-12-

that resulted from the fact that Petitioner's civil commitment attorney, Mr. Haines, practiced primarily in the field of criminal law. See Strickland, 466 U.S. at 690. It is true that Mr. Haines missed the deadline for filing Petitioner's direct appeal because he was ignorant of the fact that Virginia's rules of civil procedure governed the civil commitment appeal process; however, the Supreme Court of Virginia granted Petitioner's first habeas petition on that ground. Petitioner has failed to identify any other unreasonable act or omission that may have resulted from Mr. Haines's failure to gain sufficient expertise in matters related to civil commitment proceedings. Accordingly, Claim (A)(1) lacks merit.

Claim (A)(2) is similarly deficient. Petitioner claims that Mr. Haines failed to investigate available defenses; however, Petitioner has not attempted to identify a single defense or piece of evidence that, if argued or introduced, would have changed the outcome of the civil commitment proceeding. The court cannot find merit in a claim so lacking in articulation and factual support.

Petitioner's Claim (A)(3), that trial counsel stipulated that Petitioner was a sexually violent predator ("SVP") even though Petitioner never agreed to waive his right to trial, is also without merit. First, Respondent and Petitioner's experts both found that Petitioner met the statutory definition of an SVP. In

-13-

light of the experts' findings,[13] there was nothing unreasonable about counsel's strategic decision to stipulate that Petitioner was an SVP and focus defense efforts on securing Petitioner's conditional release. See Strickland, 466 U.S. at 690. Moreover, there is nothing in the record suggesting that Petitioner did not understand the tactical consequences of the stipulation. Even assuming that counsel failed to apprise Petitioner of the consequences of the stipulation and that this failure constituted deficient performance, Petitioner has offered no evidence or argument indicating that this alleged failure prejudiced him in any way. Other than Petitioner's belief that he is not an SVP, the evidence before this court and the trial Court suggests that Petitioner, in fact, meets the definition of an SVP. Because Petitioner has failed to make a colorable showing that the outcome of his civil commitment trial would have been different had his attorney proceeded to trial on the question of whether Petitioner qualified as an SVP, Claim (A)(3) is without merit.

Petitioner's ineffective assistance claim relating to appellate counsel, Claim (B), is also without merit. It is well-

---

[13] Individuals facing civil commitment under Virginia's Sexually Violent Predators Act are entitled to have an "expert," who is a licensed psychiatrist or licensed clinical psychologist and "who is skilled in the diagnosis and risk assessment of sex offenders and knowledgeable about the treatment of sex offenders," appointed to assist in their defense and to testify at trial regarding whether the individual meets the definition of an SVP. Va. Code Ann. §§ 37.2-907, -908.

established that even in criminal proceedings there is no federal right to counsel in non-capital discretionary appeal and federal habeas corpus proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (no right to counsel in post-conviction proceedings), Wainright v. Torna, 455 U.S. 586, 587 (1982) (no right to counsel for certiorari petition in the U.S. Supreme Court). Accordingly, the fact that Petitioner's state-appointed counsel on direct appeal declined to pursue federal remedies cannot form the basis of an ineffective assistance claim.

Petitioner did not have a federally cognizable right to effective assistance of counsel during his civil commitment proceeding or on appeal.[14] Baker, 45 F.3d at 843 & n.3 (4th Cir. 1995) (citing Vitek, 445 U.S. at 494-96). Even if such rights existed, Petitioner cannot show cause, under Martinez, for procedurally defaulting his ineffective assistance claims because his ineffective assistance claims lack merit. Martinez, 132 S. Ct. at 1318. Accordingly, Petitioner's objections to the Magistrate Judge's finding that Petitioner's ineffective assistance claims are procedurally defaulted are **OVERRULED**.

Claim (C)(1) is the only claim that the Magistrate Judge addressed on the merits. Although Petitioner's objections pertaining to the claim are merely a recitation of the merit-based arguments presented in his petition, the Magistrate Judge analyzed

---

[14] See supra notes 7, 11, and 12.

the claim under § 2241 rather than § 2254. Having found that the petition is properly cognizable under § 2254, it is necessary to analyze Claim (C)(1) under the appropriate statutory framework. As Respondent recognizes, however, the ultimate disposition of Claim (C)(1) is the same under each provision.

Claim (C)(1) asserts that the Virginia trial court violated federal due process at Petitioner's civil commitment hearing when it accepted the stipulation that he was an SVP without inquiring whether the stipulation was knowing and voluntary. The Magistrate Judge analyzed this claim under Teague v. Lane, 489 U.S. 288 (1989) (plurality opinion), and found that granting Petitioner relief on Claim (C)(1) would run afoul of Teague's prohibition against announcing new constitutional rules on collateral review. See Weeks v. Angelone, 176 F.3d 249, 263 (4th Cir. 1999). Had the Magistrate Judge analyzed the claim under § 2254, he would have been required to determine whether the Virginia Supreme Court's denial of the claim on direct appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Fourth Circuit has observed that "if a decision resolving [a] claim in [Petitioner's] favor is impermissible under Teague, such a decision is also impermissible under § 2254(d)." Weeks, 176 F.3d at 266 n.9.

-16-

.

The court finds no error in the Magistrate Judge's Teague analysis. It is clear from the Supreme Court precedents cited in the Magistrate Judge's Report that, although prospective civil committees are entitled to a range of procedural due process rights, these rights are not coincident with the procedural protections afforded to criminal defendants. See Baker, 45 F.3d at 842-43; see also, Allen v. Illinois, 478 U.S. 364, 372 (1986) (concluding that the privilege against self-incrimination did not attach to a commitment proceeding conducted under Illinois's Sexually Dangerous Persons Act); Vitek, 445 at 496-99 (outlining procedural due process requirements for transferring an indigent prisoner, involuntarily, to a mental health facility and concluding that he could be denied hearing upon showing of good cause and was not entitled to legal counsel); Addington v. Texas, 441 U.S. 418, 432-33 (1979) (holding that due process required the government to prove facts in a civil commitment proceeding by "clear and convincing evidence" rather than "beyond a reasonable doubt"). It is equally clear that the Supreme Court has not extended the requirement that a court create a record showing that a defendant's guilty plea is knowing and voluntary to stipulations entered in civil commitment proceedings. See Parke v. Raley, 506 U.S. 20, 29 (1992); Boykin v. Alabama, 395 U.S. 238, 242 (1969); cf. United States v. Pelensky, 129 F.3d 63, 68 (2d Cir. 1997) (holding that the Constitution does not require a court to elicit a formal waiver

-17-

of procedural rights from a defendant who stipulates that he has committed a supervised release violation). In light of these precedents, the court agrees that the U.S. Supreme Court has not found due process to require that courts make an on-the-record determination that a prospective civil committee has knowingly and voluntarily waived procedural rights when his attorney stipulates to facts predicate to commitment. Because no precedent establishes the right that Petitioner asserts in Claim (C)(1), the Virginia Supreme Court's denial of that claim on direct appeal was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1). Accordingly, Petitioner's objections as to Claim (C)(1) are **OVERRULED**.

## B. Petitioner's Motion for Appointment of Counsel and Issuance of a Certificate of Appealability

Petitioner's Motion for Appointment of Counsel and Issuance of a Certificate of Appealability is **DENIED**. (ECF No. 27.) With respect to Petitioner's request for appointment of counsel, the court notes that there is no constitutional right to counsel in non-capital federal habeas corpus proceedings. See McCleskey v. Zant, 499 U.S. 467, 495 (1991); Penn v. Finley, 481 U.S. 551, 555 (1987). Although the court has the discretionary power to appoint counsel to represent an indigent party in civil litigation pursuant to 28 U.S.C. § 1915(e)(1), see Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968), the petitioner here has not alleged any

-18-

Case 2:11-cv-00396-RBS-FBS  Document 30  Filed 09/05/12  Page 19 of 21 PageID# 261

"exceptional circumstances" that would warrant the appointment of counsel in this matter. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Griffin v. Virginia, 606 F. Supp. 941, 943 (E.D. Va. 1985), aff'd, 780 F.2d 1018 (4th Cir. 1985) (unpublished table decision). Accordingly, the court will not exercise its discretion to appoint counsel for Petitioner.

Petitioner has exercised his right to file a certificate of appealability ("COA") and object to the Magistrate Judge's recommendation that a COA not issue. He has failed, however, to demonstrate that the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, at 483-84 (2000)); see 28 U.S.C. § 2253(c)(2) (explaining that a petitioner must make "a substantial showing of the denial of a constitutional right" for a COA to be granted). When the district court denies relief on procedural grounds, the petitioner must demonstrate "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Because Petitioner has failed to cite any law or make any argument that the petition could be resolved in a manner favorable to him, the court denies his motion

-19-

for issuance of a COA. Petitioner's objections regarding the Magistrate Judge's recommendation that a COA not issue are also **OVERRULED**.

### III. CONCLUSION

Having reviewed the record and made *de novo* findings with respect to the portions of the Magistrate Judge's May 31, 2012, Report, to which the parties have objected, the court does hereby **ADOPT AND APPROVE** the findings and recommendations set forth therein, with the following modification: at page 25, line 12, delete the word "not" that follows "would" and precedes "have." Further, the court **FINDS** that the petition is properly cognizable under 28 U.S.C. § 2254, and having reviewed Petitioner's Claim (C)(1) pursuant to the standard of review set forth in § 2254(d)(1), the court **FINDS** that the Virginia Supreme Court's denial of that claim on appeal was not "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

It is, therefore, **ORDERED** that the petition (ECF No. 10) be **DENIED AND DISMISSED WITH PREJUDICE** for the reasons stated in the Report and modified herein. Respondent's Motion to Dismiss (ECF No. 16) shall be **GRANTED**, and judgment shall be entered in favor of Respondent. It is further **ORDERED** that Respondent's Motion to Alter or Amend Judgment (ECF No. 26) be **DENIED**, Respondent's Motion to

-20-

Amend Her Objection (ECF No. 28) be **GRANTED**, and Petitioner's Motion to Appoint Counsel (ECF No. 27) be **DENIED**.

Petitioner may appeal from the judgment entered pursuant to this Opinion and Final Order by filing a written notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the court, pursuant to Rule 22(b) of the Federal Rules of Civil Procedure, declines to issue a certificate of appealability, and it is hereby **ORDERED** that Petitioner's Motion for Issuance of a Certificate of Appealability (ECF No. 27) be **DENIED**. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Opinion and Final Order to Petitioner and to counsel of record for Respondent.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 5, 2012